LOCKE LORD LLP
Conrad V. Sison (SBN 217197 )
csison@lockelord.com
Kelly S. Biggins (SBN 252515 )
kbiggins@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Attorneys for Defendant
**AMERICAN HOME MORTGAGE SERVICING, INC.**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. BRADLEY-BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC.<br><br>Defendant. | CASE NO. SACV 11-1132 DOC (RNBx)<br><br>Hon. David O. Carter<br><br>**DEFENDANT AMERICAN HOME MORTGAGE SERVICING, INC'S NOTICE OF MOTION AND MOTION TO TRANSFER THE ACTION PURSUANT TO 28 U.S.C. §1404(a); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: Nov. 7, 2011<br>TIME: 8:30 a.m.<br>PLACE: Courtroom 9D |

**PLEASE TAKE NOTICE** that on November 7, 2011 at 8:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, Defendant American Home Mortgage Servicing, Inc. ("AHMSI") will bring for hearing before the Honorable David O. Carter, United States District Court Judge, in Courtroom 9D of

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

1   the United States District Court located at 411 W. Fourth Street, Santa Ana,

2   California, a Motion to Transfer the Action pursuant to 28 U.S.C. §1404(a).

3      This Motion is made following the conference of counsel pursuant to L.R. 7-3

4   which took place on September 29, 2011, and is based on this Notice of Motion and

5   Motion, the attached Memorandum of Points and Authorities, the Declaration of Steve

6   Massey filed concurrently herewith, the pleadings, papers and records on file in this

7   action, and such oral argument as may be presented at the time of the hearing.

8

9   Dated:  October 4, 2011                    Respectfully submitted,

10                                             LOCKE LORD LLP

11

12

13                                             By:_____/s/ Conrad V. Sison_____

14                                                   Conrad V. Sison

15                                                   Kelly S. Biggins

16                                             Attorneys for Defendant
                                               **AMERICAN HOME MORTGAGE**

17                                             **SERVICING, INC.**

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

NOTICE OF MOTION AND MOTION TO TRANSFER
*Dr. Bradley-Brown v. American Home Mortgage Servicing, Inc.*, Case No.: SACV 11-1132 DOC (RNBx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

# TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION ........................................................................1

II.  STATEMENT OF RELEVANT FACTS ....................................1

III. THE TRANSFER INQUIRY UNDER § 1404(a) STRONGLY FAVORS
     THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION...............3

   A.  The Action Could Have Been Brought In The Northern District of
       Texas. .................................................................................4

   B.  The Private Factors (Convenience Of The Parties And Witnesses)
       Favor Transfer Of This Action..........................................5

       1.  AHMSI Executives, The Most Important Witnesses In This
           Case, Are All Located In The Northern District of Texas. ........5

       2.  The Relevant Business, Accounting And Servicing-Related
           Documents Are Located In The Northern District of Texas. ......6

       3.  The Convenience Of The Parties Supports Transfer Because
           Texas Is Far More Convenient For AHMSI and Equally
           Convenient As This District For Plaintiff...................................6

       4.  The Factual Basis Of Plaintiff's Claims Is Conduct That
           Allegedly Occurred In The Northern District of Texas..............8

       5.  Plaintiff's Choice Of Forum Is Not Entitled To Great
           Weight Because The Litigation Is A Class Action, There
           Are No Significant Contacts Between The Claims And

i

NOTICE OF MOTION AND MOTION TO TRANSFER
*Dr. Bradley-Brown v. American Home Mortgage Servicing, Inc.*, Case No.: SACV 11-1132 DOC (RNBx)

California, And Because Plaintiff Has No Connection To
California. ..................................................................................... 9

6.  Transferring The Case Will Minimize Financial Hardships
On AHMSI Without Overly Burdening Plaintiff. .................... 10

7.  Both Forums Can Apply The Pertinent Law. ........................... 12

8.  The Remaining *Jones* Factors Are Either Not Relevant Or
Neutral In The Court's Transfer Analysis. ............................... 12

C.  When Taken As A Whole, Public Factors (Interests of Justice)
Favor Transfer. ................................................................................. 13

IV.  CONCLUSION ........................................................................................ 14

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

NOTICE OF MOTION AND MOTION TO TRANSFER
*Dr. Bradley-Brown v. American Home Mortgage Servicing, Inc.,* Case No.: SACV 11-1132 DOC (RNBx)

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*A Slice of Pie Prods., LLC v. Wayans Bros. Entm't,*
    392 F. Supp. 2d 297 (D. Conn. 2005) .................................................. 8

*Berenson v. Nat'l Fin. Servs., LLC,*
    319 F. Supp. 2d 1 (D.D.C. 2004) ....................................................... 8

*Brandon Apparel Group, Inc. v. Quiman Mfg. Co., Inc.,*
    42 F. Supp. 2d 821 (N.D. Ill. 1999) ................................................... 5

*BRM Indus., Inc. v. Mazak Corp.,*
    42 F. Supp. 2d 176 (D. Conn. 1999) ................................................. 5

*Charter Oak Fire Ins. Co. v. Broan-Nutone, LLC,*
    294 F. Supp. 2d 218 (D. Conn. 2003) ............................................ 5, 8

*Chrysler Capital Corp. v. Woehling,*
    663 F. Supp. 478 (D. De. 1987) ....................................................... 10

*Decker Coal Co. v. Commonwealth Edison Co.,*
    805 F.2d 834 (9th Cir. 1986) ............................................................. 3

*E. & J. Gallo Winery v. F. & P. S.p.A.,*
    899 F. Supp. 465 (E.D. Cal. 1994) ................................................... 3

*Georgouses v. NaTec Res., Inc.,*
    963 F. Supp. 728 (N.D. Ill. 1997) ..................................................... 9

*Goggins v. Alliance Capital Mgmt., L.P.,*
    279 F. Supp. 2d 228 (S.D.N.Y. 2003) .............................................. 9

*Hoffman v. Blaski,*
    363 U.S. 335 (1960) .......................................................................... 3

*In re Apple, Inc.,*
    602 F.3d 909 (8th Cir. 2010) ............................................................. 9

*In re Collins & Aikman Corp. Sec. Litig.,*
    438 F. Supp. 2d 392 (S.D.N.Y. 2006) ............................................. 12

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

*In Re Global Cash Access Holdings, Inc. Secs. Litig.*,
No. 08 Cv. 3516 (SWK), 2008 WL 4344531 (S.D.N.Y. Sept. 18, 2008)............7

*Jones v. GNC Franchising, Inc.*,
211 F.3d 496 (9th Cir. 2000) ................................................3, 4, 11, 12

*Koster v. Lumbermen's Mt. Cas. Co.*,
330 U.S. 518 (1947)................................................................9

*L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*,
89 F.R.D. 497 (C.D. Cal. 1981).........................................5, 9, 12

*Lou v. Belzberg*,
834 F.2d 730 (9th Cir. 1987) ......................................................9

*Owner-Operator Indep. Drivers Ass'n v. C.R. England, Inc.*,
2002 WL 32831640 (E.D. Cal. Aug. 19, 2002) ...............................6

*Owner-Operator Indep. Drivers Ass'n v. N. Am. Van Lines, Inc.*,
382 F. Supp. 2d 821 (W.D. Va. 2005)........................................6

*Paper Operations Consultants Intern., Ltd. v. S.S. Hong Kong Amber*,
513 F.2d 667 (9th Cir. 1975) ...................................................13

*Pintey Bowes, Inc. v. Nat'l Presort, Inc.*,
33 F. Supp. 2d 130 (D. Conn. 1998) ........................................12

*Saleh v. Titan Corp.*,
361 F.Supp.2d 1152 (S.D. Cal. 2005) .........................................6

*Schwartz v. Marriott Hotel Servs.*,
186 F. Supp. 2d 245 (E.D.N.Y. 2002) ........................................5

*Stewart Org. v. Ricoh Corp.*,
487 U.S. 22 (1988)................................................................3

*TM Claims Serv. v. KLM Royal Dutch Airlines*,
143 F. Supp. 2d 402 (S.D.N.Y. 2001) ........................................8

*Tucker v. Am. Int'l Group, Inc.*,
728 F. Supp. 2d 114 (D. Conn. 2010) ........................................5

*Van Dusen v. Barrack*,
376 U.S. 612 (1964)................................................................3

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

1

**FEDERAL STATUTES**

12 U.S.C. § 2607 ..................................................................................................... 2

28 U.S.C. § 1391(b)(2) and (c) ............................................................................... 4

28 U.S.C. § 1404(a) ................................................................................ 1, 3, 4, 9, 14

**STATE STATUTES**

73 Pa. Stat. §§ 201-2(4)(xxi) and 201-3 (6) .......................................................... 2

Business & Professions Code §§ 17200 *et seq.* (5) ............................................... 2

**FEDERAL RULES**

FRCP 45(b)(2) and (c) ........................................................................................... 12

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

v

NOTICE OF MOTION AND MOTION TO TRANSFER
*Dr. Bradley-Brown v. American Home Mortgage Servicing, Inc.,* Case No.: SACV 11-1132 DOC (RNBx)

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff, a non-California resident, filed this lawsuit in a court entirely across the country from her home State of Pennsylvania and in a forum which bears absolutely no relation to the mortgage on her home in Pennsylvania or to the causes of action asserted in the Complaint. The lawsuit centers on AHMSI's alleged improper practices of providing "lender-placed" insurance policies in connection with residential mortgage loans serviced by AHMSI. (Compl. at ¶ 1.) AHMSI is headquartered in the Northern District of Texas. The operative events underlying this lawsuit occurred in Texas. Plaintiff's choice of forum in this Court is inconvenient for AHMSI because the majority of key witnesses reside in the Northern District of Texas, the vast majority of key documents and evidence is kept there, and, irrespective of where AHMSI's service centers are located, all key decisions by AHMSI executives, including those relating to placement of insurance, occur in the Northern District of Texas.

Furthermore, a transfer of this action to the Northern District of Texas will impose *no* burden on a Pennsylvania Plaintiff who had no issue with filing and litigating this action in a state far from where she resides. As discussed more fully herein, the Northern District of Texas has the strongest relationship to this litigation and is the most convenient forum for the parties and witnesses. Considering the factors of convenience to the parties and witnesses and in the interest of justice, and to prevent a textbook example of forum shopping, transfer of this action to the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1404(a) is the only appropriate course.

## II.    STATEMENT OF RELEVANT FACTS

Plaintiff filed the instant putative class action lawsuit on July 28, 2011 on behalf of herself and class of homeowners who have or had residential mortgage loans owned and/or serviced by AHMSI and have been required to pay for lender-placed

insurance in connection with those loans. (Dkt. No. 1; Compl. at ¶ 1.) As indicated above, the crux of the lawsuit challenges AHMSI's processes and practices related to its purchase of lender-placed insurance policies. (Compl. at ¶¶ 2-5.) In connection with these allegations, Plaintiff asserts claims for (1) violations of Real Estate Settlement and Procedures Act ("RESPA") (12 U.S.C. § 2607), (2) breaches of the mortgage contracts, (3) breaches of implied covenants of good faith and fair dealing, (4) violations of California's Unfair Competition Law, codified at the Business & Professions Code §§ 17200 *et seq.*, (5) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, codified at 73 Pa. Stat. §§ 201-2(4)(xxi) and 201-3, (6) unjust enrichment, and (7) declaratory and injunctive relief preventing the above-described insurance practices. (Compl. at pp. 17-29.)

Although the lawsuit was filed in California, Plaintiff is a resident of Philadelphia, Pennsylvania, and her home which is subject to a mortgage loan serviced by AHMSI is located at 5409 Woodcrest Ave., Philadelphia, Pennsylvania. (Compl. at ¶¶ 11-13.)

AHMSI, by contrast, is a Delaware corporation and is headquartered in Coppell, Texas.[1] (Compl. at ¶¶ 15, 18; Declaration of Steve Massey at ¶ 3, attached hereto as Exhibit A ("Massey Decl.").) Additionally, while AHMSI maintains two service centers/operations outside of Texas—with the California location slated for closure in the next sixty (60) days—its principal place of business is located at its headquarters in Coppell, Texas. (Compl. at ¶ 18; Massey Decl. at ¶¶ 3-4.) AHMSI's executive officers maintain offices in Coppell. (Massey Decl. at ¶ 5.) All decisions regarding AHMSI's policies, including policies regarding lender-placed insurance, are made from AHMSI's headquarters in Texas. (*Id.* at ¶ 6.)

Following the filing and service of the instant action, on August 19, 2011, the parties filed, and the Court granted, two stipulations extending the time for AHMSI to

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

[1] AHMSI's headquarters in Coppell are located within Dallas County, Texas, less than 25 miles from downtown Dallas.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

1    answer or otherwise respond to the Complaint.  (*See* Dkt. Nos. 4, 6, 10, 11.)  AHMSI

2    then timely and concurrently filed the instant Motion as well as a Motion to Dismiss.

3    No discovery or depositions have taken place thus far.

### III.    THE TRANSFER INQUIRY UNDER § 1404(a) STRONGLY FAVORS
### THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION.

6         A motion to transfer pursuant to 28 U.S.C. §1404(a) lies within the discretion of

7    the district court.  28 U.S.C. §1404(a) ("For the convenience of parties and witnesses,

8    in the interest of justice, a district court may transfer any civil action to any other

9    district or division where it might have been brought.").  The objectives of §1404(a)

10   are "to prevent the waste of time, energy and money and to protect litigants, witnesses

11   and the public against unnecessary inconvenience and expense."  *Van Dusen v.*

12   *Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).  Under

13   §1404(a) the district court has the discretion to "adjudicate motions for transfer

14   according to an 'individualized case-by-case consideration of convenience and

15   fairness.'"  *Jones v. GNC Franchising, Inc.*, 211 F.3d 496, 498-499 (9th Cir. 2000)

16   (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

17        The Court's transfer analysis begins by looking at whether the action could

18   have been brought in the alternative forum.  *Hoffman v. Blaski*, 363 U.S. 335, 343-344

19   (1960).  The Court's transfer analysis also includes consideration of both private

20   factors, which go to the convenience of the parties and witnesses, and public factors,

21   which go to the interests of justice.  *Decker Coal Co. v. Commonwealth Edison Co.*,

22   805 F.2d 834, 843 (9th Cir. 1986); *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F.

23   Supp. 465, 466 (E.D. Cal. 1994)  ("Three factors are in the inherently broad discretion

24   of the Court, allowing the Court to consider the particular facts of each case:

25   convenience of the *parties*, convenience of the *witnesses*, and *interest of justice*.")

26   (emphasis in original).  Such factors may include: (1) the location where the relevant

27   agreements were negotiated and executed; (2) the state that is most familiar with the

28   governing law; (3) the plaintiff's choice of forum; (4) the parties' respective contacts

with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen

forum; (6) the differences in the costs of litigation in the two forums; (7) the

availability of compulsory process to compel attendance of unwilling non-party

witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum

selection clause; and, (10) the relevant public policy of the forum state, if any. *Jones,*

211 F.3d at 498-499. Taken as a whole, these factors strongly favor transfer to the

Northern District of Texas, Dallas Division.

### A. The Action Could Have Been Brought In The Northern District of Texas.

In the instant case, it cannot be disputed that venue in the Northern District of

Texas is proper. AHMSI is a corporation organized under the State of Delaware and

is headquartered in Coppell, Texas. (Compl. at ¶¶ 15, 18; Massey Decl. at ¶ 3.)

Further, and contrary to Plaintiff's allegations, AHMSI's Coppell, Texas headquarters

is also its principal place of business. (Massey Decl. at ¶ 3.) Irrespective of where

AHMSI's service centers are located, the substantial part of the events or omissions

giving rise to Plaintiff's claims occurred at AHMSI's headquarters in Texas.

Specifically, all of AHMSI's executive officers are located in Texas. (*Id.* at ¶ 5.) All

policy decisions regarding lender-placed insurance are made from AHMSI's

headquarters in Texas. (*Id.* at ¶ 6.) Also, AHMSI maintains all policy manuals,

accounting records, and other servicing-related documents in Texas. (*Id.* at ¶ 7.) In

short, AHMSI's headquarters in Coppell, Texas is its "nerve center." Accordingly,

venue in the Northern District of Texas is proper. 28 U.S.C. § 1391(b)(2) and (c).

Because the Northern District of Texas would have complete personal

jurisdiction over AHMSI and subject matter jurisdiction over the claims, and because

it is a proper venue, Plaintiff could have brought this action in the Northern District of

Texas, Dallas Division. Accordingly, AHMSI now turns to the second prong of the

§1404(a) transfer analysis and discusses the compelling factors which are sufficient to

grant the instant Motion to Transfer.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

**B.** **The Private Factors (Convenience Of The Parties And Witnesses) Favor Transfer Of This Action.**

    1.    <u>AHMSI Executives, The Most Important Witnesses In This Case, Are All Located In The Northern District of Texas.</u>

Courts generally consider the convenience of the witnesses to be the most important factor in deciding whether to transfer venue. *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981). As part of this analysis, the party seeking transfer must "specify the key witnesses to be called and make a general statement of what their testimony will cover." *Charter Oak Fire Ins. Co. v. Broan-Nutone, LLC*, 294 F. Supp. 2d 218, 220 (D. Conn. 2003); *see also Tucker v. Am. Int'l Group, Inc.*, 728 F. Supp. 2d 114, 127 n.30 (D. Conn. 2010) (noting that this factor considers convenience of party and non-party witnesses). It is not the number of witnesses that is determinative, but "the materiality of their anticipated testimony."[2] *Charter Oak Fire Ins. Co.*, 294 F. Supp. 2d at 220-221 (quoting *Schwartz v. Marriott Hotel Servs.*, 186 F. Supp. 2d 245, 249 (E.D.N.Y. 2002)); *Brandon Apparel Group, Inc. v. Quiman Mfg. Co., Inc.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999).

Here, Plaintiff cannot credibly dispute that the overwhelming majority of key witnesses are located in Texas's Northern District. As set forth above, AHMSI's executive officers who oversee and manage all servicing operations are located in Texas. (Massey Decl. at ¶ 5.) For example, Steve Massey, the Executive Vice President, Investor and Core Servicing at AHMSI, lives in Texas and works at AHMSI's headquarters in Coppell, Texas. (*Id.* at ¶¶ 1, 5.) As the Executive Vice President, Investor and Core Servicing at AHMSI, Mr. Massey is responsible for AHMSI's policies and procedures governing lender-placed insurance. (*Id.* at ¶ 5.)

---

[2]    Courts also consider which forum, if any, can better compel non-party witnesses. *See BRM Indus., Inc. v. Mazak Corp.*, 42 F. Supp. 2d 176, 181 (D. Conn. 1999). Although Plaintiff has not yet identified any potentially unwilling non-party witnesses, this factor will likely weigh in favor of Texas since most witnesses likely to be called by Plaintiff will reside in Texas.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

1   Accordingly, Mr. Massey can provide testimony about decisions concerning

2   AHMSI's policies regarding servicing of mortgage loans and lender-placed insurance,

3   all of which goes to the heart of Plaintiff's claims. (*Id.*) Additionally, all of AHMSI's

4   custodians of records for policy manuals and servicing-related documents are located

5   at AHMSI's Coppell, Texas headquarters. (*Id.* at ¶ 7.) Thus, since the most important

6   witnesses in this case reside and work in Texas, this factor strongly weighs in favor of

7   transfer to the Northern District of Texas.

        2.    <u>The Relevant Business, Accounting And Servicing-Related</u>

            <u>Documents Are Located In The Northern District of Texas.</u>

10   The location and ease of access to relevant documents and other sources of

11   proof also weighs in favor of transfer. *Saleh v. Titan Corp.*, 361 F.Supp.2d 1152,

12   1160, 1166 (S.D. Cal. 2005). As set forth above, the key documents in this case,

13   including AHMSI's policy manuals, and loan and accounting files, are located in

14   Texas. (Massey Decl. at ¶ 7.) Accordingly, the fact that the majority of evidence is in

15   Texas and the majority of discovery would take place there weighs heavily in favor of

16   transfer to the Northern District.

        3.    <u>The Convenience Of The Parties Supports Transfer Because Texas</u>

            <u>Is Far More Convenient For AHMSI and Equally Convenient As</u>

            <u>This District For Plaintiff.</u>

20   On a §1404(a) transfer motion, the Court also considers the convenience of the

21   parties. When, as here, the transferee district is more convenient for a defendant and

22   indifferent as to the plaintiff, this factor weighs in favor of transfer. *See Owner-*

23   *Operator Indep. Drivers Ass'n v. C.R. England, Inc.*, 2002 WL 32831640, at *8, *13

24   (E.D. Cal. Aug. 19, 2002) (finding that transfer would prevent disruption to

25   defendant's business and potential profitability without causing significant

26   inconvenience to plaintiffs); *Owner-Operator Indep. Drivers Ass'n v. N. Am. Van*

27   *Lines, Inc.*, 382 F. Supp. 2d 821, 825-826 (W.D. Va. 2005) (finding that convenience

28   of parties favored transfer where defendants and their employees were in transferee

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

district and plaintiffs were scattered across the country); *see also In Re Global Cash Access Holdings, Inc. Secs. Litig.*, No. 08 Cv. 3516 (SWK), 2008 WL 4344531, at *5 (S.D.N.Y. Sept. 18, 2008) (granting defendants' motion for transfer from New York to Nevada where action was brought on behalf of a nationwide class of purchasers of securities, many of whom were not New York residents and who would be inconvenienced regardless of whether the suit proceeded in New York or in Nevada, and where some of the defendants had strong ties to Nevada).

Here, this factor also weighs decidedly in favor of transfer to the Northern District of Texas, Dallas Division. AHMSI is headquartered in the Northern District of Texas and its employees (including numerous material witnesses) work in that District. (Massey Decl. at ¶¶ 3, 5.) Requiring such witnesses to travel to California for depositions and/or trial would not only disrupt and take away from AHMSI's regular business operations, but also would be very costly and inconvenient. Further, most if not all discovery will take place in the Northern District of Texas. (*Id.* at ¶ 7.) Thus, transfer of this action to the Northern District of Texas would greatly reduce the cost of prosecuting the action and would be far more convenient for AHMSI.

Additionally, transfer of this action to the Northern District of Texas would not work an injustice on Plaintiff. As mentioned, Plaintiff is not a resident of California and Plaintiff's home that is subject to the mortgage owned or serviced by AHMSI is not located in California. To the contrary, Plaintiff and her residential property are both located in Pennsylvania. And, despite these facts, Plaintiff had no problem filing the instant lawsuit in California. If a Pennsylvania resident takes no issue with filing an action on the completely opposite coast, it begs the question of how it would be any different for her to litigate this action in Texas. Any potential expenses incurred by Plaintiff to attend any proceedings would be essentially the same as she would be required to travel out of her home state in either situation.

Further, Plaintiff is attempting to represent an "unknown" number of supposed class members who are both numerous and geographically disbursed throughout the

NOTICE OF MOTION AND MOTION TO TRANSFER
*Dr. Bradley-Brown v. American Home Mortgage Servicing, Inc.*, Case No.: SACV 11-1132 DOC (RNBx)

country.  Admittedly, the class members would have to travel from all corners of country to attend litigation in this District.  Thus, Plaintiff cannot persuasively argue that this District is substantially more convenient than the Northern District of Texas as Plaintiff and most members of the class would have to travel regardless of forum.  Furthermore, because the Northern District of Texas is near a major airport in Dallas, it is convenient for Plaintiff, putative class members and counsel to travel.

Accordingly, the convenience of the parties is another powerful factor favoring transfer because transfer would be considerably more convenient for AHMSI and would not appreciably increase inconvenience to Plaintiff.

### 4.   The Factual Basis Of Plaintiff's Claims Is Conduct That Allegedly Occurred In The Northern District of Texas.

The location of the operative facts underlying a claim is a "key factor in determining a motion to transfer venue." *Charter Oak Fire Ins. Co.*, 294 F. Supp. 2d at 220 (citing *TM Claims Serv. v. KLM Royal Dutch Airlines*, 143 F. Supp. 2d 402, 404-405 (S.D.N.Y. 2001)).  To determine the locus of operative facts, a court must look "to the site of the events from which the claim arises." *A Slice of Pie Prods., LLC v. Wayans Bros. Entm't*, 392 F. Supp. 2d 297, 306 (D. Conn. 2005).  The site of the event is where the defendants took the actions that allegedly caused the plaintiff's economic damage, not where the plaintiff purportedly suffered the economic damage. *Berenson v. Nat'l Fin. Servs., LLC*, 319 F. Supp. 2d 1, 4 (D.D.C. 2004).

Here, all policy decisions regarding lender-placed insurance are made from AHMSI's headquarters in Texas.   (Massey Decl. at ¶ 6.)  Also, all policy manuals are maintained in Texas.  (*Id.* at ¶¶ 6-7.)

///
///
///
///
///

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

5.    <u>Plaintiff's Choice Of Forum Is Not Entitled To Great Weight</u>
<u>Because The Litigation Is A Class Action, There Are No</u>
<u>Significant Contacts Between The Claims And California, And</u>
<u>Because Plaintiff Has No Connection To California.</u>

Although in an ordinary case, courts give the plaintiff's choice of forum some deference in the §1404(a) analysis, a plaintiff's forum preference is ***not*** entitled to great weight in a class action.  *Koster v. Lumbermen's Mt. Cas. Co.*, 330 U.S. 518, 524 (1947); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  This is because "in a class action there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim." *Goggins v. Alliance Capital Mgmt., L.P.*, 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003). Indeed, one district court has said that in a class action, "plaintiff's home forum is irrelevant."  *Georgouses v. NaTec Res., Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997).

Further, this rule is "substantially attenuated" where plaintiff has commenced the action in a forum that is not his or her residence or if the forum lacks any significant contact with the activities alleged in the complaint.  In such cases, plaintiff's choice of forum is given much less weight in ruling on a discretionary transfer motion.  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (In judging the weight to be accorded to a plaintiff's choice of forum, consideration must be given to the extent of both parties' contacts with the forum, including those relating to plaintiff's cause of action; if the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, plaintiff's choice is entitled to only "minimal consideration"); *see L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 499-500 (C.D. Cal. 1981)(plaintiff's choice of forum given great deference "when the forum chosen is not only the plaintiff's domicile but also has a significant connection with the subject matter of the case"); *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (foreign plaintiff's choice of forum "entitled to substantially less deference" because there is less reason to assume convenience and

9

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

an increased risk of forum shopping); *Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478, 482 (D. De. 1987) ("[W]hen the plaintiff chooses a forum which has no connection to himself or the subject matter of the suit, and is thus not his "home turf," the burden on the defendant is reduced and it is easier for the defendant to show that the balance of convenience favors transfer.").

Accordingly, based on the allegations contained in the Complaint, Plaintiffs' choice of forum is not entitled to substantial weight, if any.  First, the case at bar involves a class action.  (Compl. at ¶ 1.)  As such, Plaintiff's choice of forum is inherently entitled to less weight.  Second, Plaintiff is not a California resident and her home which is subject to a mortgage either owned or serviced by AHMSI is not located in California; rather, both are located on the opposite coast in Pennsylvania and the unknown putative class members are disbursed throughout the country. (Compl. at ¶¶ 11-13.)  Third, there are no significant contacts between Plaintiff's claims and California.  Instead, the crux of Plaintiff's claims against AHMSI stem from decisions and activities which all purportedly originated in Texas.  (*See* Massey Decl. at ¶ 6.)  For these same reasons, neither Plaintiff's claims nor AHMSI's contacts with the forum merit litigating in California.  Thus, in light of the foregoing, Plaintiff's choice of forum should not be considered a significant factor in the transfer analysis.

6.   <u>Transferring The Case Will Minimize Financial Hardships On AHMSI Without Overly Burdening Plaintiff.</u>

Litigating the case in the Northern District of Texas will limit the amount of time that senior management of AHMSI must be out of the office and away from corporate responsibilities.  Not only will transfer significantly minimize the hard costs of flights, ground transportation, lodging, and meals for AHMSI executive staff who can easily travel to Dallas and back to home-base again every day, but transfer would allow those AHMSI witnesses to be working in their offices in Dallas County, while standing by on short telephone notice of when they would be needed in Court in

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

1    nearby Dallas.[3] Transferring this case to a forum where the overwhelming majority of

2    the most important witnesses—AHMSI's employees, especially its top executives—

3    can go on about their business with minimal disruption of their work responsibilities

4    (as opposed to being out of the office on hold in California, for extended periods), is

5    certainly a compelling factor favoring transfer.

6        Conversely, if Plaintiff ever wants to come to court, she will have to travel

7    regardless of whether the case is pending in California or Texas. Plaintiff, a

8    Pennsylvania resident, made the decision to file in California; litigating in Texas

9    would be no different. In addition, neither of the counsel for the two well-known and

10    successful plaintiffs' class action firms representing Plaintiff are located in

11    California[4]; rather, one is located in Texas and the other in Pennsylvania, and both

12    have litigated other class action lawsuits across the country and, presumably, are fully

13    equipped to litigate the case outside their home forum. *See Jones*, 463 F. Supp. 2d at

14    277-78 (finding that this factor had little effect on entire analysis where transfer would

15    not dramatically increase litigation costs and plaintiff's counsel had agreed to advance

16    expenses). (*See e.g.,* Mr. Ciolko's Pro Hac Vice App. (Dkt. No. 7) (listing courts and

17    cases across the country where Mr. Ciolko is eligible to practice and has served as

18    counsel); Kessler Topaz Meltzer & Check LLP website, http://www.ktmc.com/

19    (follow "New Cases" hyperlink, then follow "Imperial Sugar Company" hyperlink for

20    class action lawsuit filed by the firm in the U.S. District Court for the Southern

21    District of Texas or "Royal Caribbean Cruises, Ltd." hyperlink for class action lawsuit

22    filed by the firm in the U.S. District Court for the Southern District of Florida) (last

23

24    [3]      Also an important consideration relates to the re-calling of AHMSI witnesses, who, having

25    testified and returned home, are then later need to testify again, for example, in rebuttal. If the case
is pending in California, that would necessitate another round of expensive, last-minute, days-long

26    travels. If the case is pending in the Northern District of Texas, it means a quick drive over to the
Federal Courthouse in Dallas.

27    [4]      The firm of Rosman & Germain LLP, which is located North of Los Angeles, is only local

28    counsel and does not appear to have any class action experience. (*See* Mr. Ciolko's Pro Hac Vice
App. (Dkt. No. 7).)

NOTICE OF MOTION AND MOTION TO TRANSFER
*Dr. Bradley-Brown v. American Home Mortgage Servicing, Inc.,* Case No.: SACV 11-1132 DOC (RNBx)

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

1   visited Oct. 3, 2011); Nix Patterson & Roach LLP website,

2   http://www.nixlawfirm.com/ ("Nix Patterson & Roach has more than four decades of

3   experience representing Plaintiffs across the United States") or (follow "Current

4   Cases" hyperlink, then follow "Bank of New York Mellon, N.A." heading noting

5   appointment of firm as lead plaintiff's counsel in class action lawsuit filed in U.S.

6   District Court for the Eastern District of Oklahoma) (last visited Oct. 3, 2011)).

7       7. <u>Both Forums Can Apply The Pertinent Law.</u>

8      This Court and the federal court in Texas are equally capable of applying

9   federal law, as well as the relevant state laws for Plaintiff's state law claims.  *In re*

10  *Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006)

11  (explaining that federal courts "are equally capable" of applying federal law); *Pintey*

12  *Bowes, Inc. v. Nat'l Presort, Inc.*, 33 F. Supp. 2d 130, 131-32 (D. Conn. 1998)

13  ("federal courts are accustomed in diversity actions to applying laws foreign to the

14  laws of their particular State.")  Accordingly, the applicable law neither favors nor

15  disfavors transfer.  It certainly imposes no impediment to transfer.

16      8. <u>The Remaining *Jones* Factors Are Either Not Relevant Or Neutral</u>

17        <u>In The Court's Transfer Analysis.</u>

18     Further, as the Court stated in *Jones*, a court should consider the availability of

19  compulsory process to secure the attendance of witnesses.  *Jones,* 211 F.3d at 498-

20  499.  *See also* FRCP 45(b)(2) and (c); *L.A. Mem'l Coliseum Comm'n v. Nat'l Football*

21  *League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981) (stating that a court's transfer analysis

22  should consider whether witnesses live within the court's subpoena power).  If the

23  action were transferred to the judicial district near the location where the most

24  important witnesses reside, such witnesses will be subject to the subpoena power of

25  the Court.  This factor gives rise to some risk of non-appearance of witnesses and at

26  least incrementally favors Texas.

27  ///

28  ///

NOTICE OF MOTION AND MOTION TO TRANSFER
*Dr. Bradley-Brown v. American Home Mortgage Servicing, Inc.*, Case No.: SACV 11-1132 DOC (RNBx)

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

**C.      When Taken As A Whole, Public Factors (Interests of Justice) Favor Transfer.**

AHMSI is mindful of the substantial time and energy that a court will expend throughout the course of this litigation.  The case is still, however, at the earliest possible pleading stage on the merits as Plaintiff filed the complaint on July 28, 2011 and AHMSI filed a Motion to Dismiss concurrently with the instant Motion.  The fact that there has been no hearings or holdings on the merits, no discovery or depositions conducted, and that transfer would not lead to any delay, all weigh in favor of transfer.

On the scale in favor of transfer, moreover, is the undeniable fact that the people and the courts of the Northern District of Texas have a far greater interest in the case than the citizenry and courts of California.  If, as Plaintiff alleges, a corporation headquartered in Texas has engaged in wrongdoing emanating from those headquarters, a jury[5] drawn from that community has a strong interest in addressing any such problems, especially in what bodes to be a lengthy trial.  And that community should bear the cost of the litigation.  Similarly, Texas courts have a particular interest in adjudicating claims of its residents.  The people and courts of California, on the other hand, have no comparable interest in the outcome of this litigation.  Thus, there is no question that this case is more appropriately lodged in the Northern District of Texas.  *See, e.g.*, *Paper Operations Consultants Intern., Ltd. v. S.S. Hong Kong Amber*, 513 F.2d 667, 671 (9th Cir. 1975) ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.").

Thus, the interest of justice also supports transfer.

///

///

///

---

[5]      Plaintiff has demanded trial by jury.  (Compl. at pp. 1, 33.)

13

IV.    **CONCLUSION**

Section 1404(a) clearly favors transfer to the action to the Northern District of Texas, Dallas Division, where the relevant events occurred, key documents are located, and all the most important witnesses reside. Litigating this case in the Northern District of Texas will significantly increase the convenience and reduce the financial hardship to Defendant without materially (or at all) inconveniencing or otherwise burdening Plaintiff. Further, transferring the case to the Northern District of Texas, Dallas Division, will let citizens of the forum with the greatest interest in the controversy resolve this matter. Finally, transfer will curtail Plaintiff's blatant attempt at forum-shopping. In short, transferring the case will best serve the convenience of parties and witnesses and the interest of justice, and Defendant therefore respectfully requests that the Court grant its Motion to Transfer.

Dated: October 4, 2011                    Respectfully submitted,

                                          LOCKE LORD LLP


                                          By:_____/s/ Conrad V. Sison_____
                                                   Conrad V. Sison
                                                   Kelly S. Biggins
                                          Attorneys for Defendant
                                          **AMERICAN HOME MORTGAGE
                                          SERVICING, INC.**

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071